UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

YINGJIE LU a.k.a Jeffrey Lu, individually and on behalf all other employees similarly situated,

      Plaintiff,

- against -

TRIBOR MANAGEMENT, INC., BIRCHWOOD APARTMENTS OWNERS CORP., CLS PROPERTIES MANAGEMENT INC., SULAY ROJAS, MARYANN CARRO-CAPUTO, FERNANDO "DOE" (last name unknown), CLEMENT CHUN TUNG SO, LINDSEY KUNG, DAVID WEI, and LUCIA LIN

      Defendants.

Case No.

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMAND**

---

  Plaintiff YINGJIE LU ("Plaintiff") on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants TRIBOR MANAGEMENT, INC. ("TRIBOR"), BIRCHWOOD APARTMENTS OWNERS CORP. ("BIRCHWOOD"), CLS PROPERTIES MANAGEMENT INC.("CLS PROPERTIES"), SULAY ROJAS, MARYANN CARRO-CAPUTO, FERNANDO "DOE" (last name unknown), LINDSEY KUNG, DAVID WEI, and LUCIA LIN (collectively "Defendants"), alleges and shows the Court the following:

**INTRODUCTION**

  1. This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law ("NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA by engaging in a pattern and practice of failing to pay their employees overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorney's fees and costs.

4. Plaintiff further alleges pursuant to NYLL § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL; (3) liquidated damages equal to the unpaid overtime pursuant to the NY Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants TRIBOR, BIRCHWOOD and CLS each maintains a place of business in Flushing, Queens and manages a shareholder-owned residential apartment cooperative located at 144-44 41st Avenue, Flushing, New York 11355; a substantial part of the events or omissions giving rise to the claims also occurred in the Eastern District of New York.

**PLAINTIFF**

7. Plaintiff Yingjie Lu is a resident of Queens, New York and worked for Defendants -- a shareholder-owned residential apartment cooperative and its management personals and companies TRIBOR, BIRCHWOOD and CLS -- as an on-site superintendent from on or around April 28, 2010 until on or around November 21, 2017[1].

**DEFENDANTS**

**Corporate Defendants**

8. At all relevant times herein, Defendant TRIBOR was and is a New York corporation with its principal place of business located at 45-62 162nd St, Flushing, New York 11358.

9. TRIBOR offers management services to multiple residential cooperative apartment buildings in Queens, either directly, through or together with one or more of the corporate entities including BIRCHWOOD and CLS.

10. Upon information and belief, Defendant TRIBOR has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Defendant TRIBOR engaged in interstate commerce within the meaning of the FLSA as Defendant conducted transactions with out-of-state companies, and purchased and used tools and supplies in the course of maintaining the Building from out-of-state vendors that traveled across state lines, the combination of which subjects TRIBOR to the FLSA's overtime requirements as an enterprise.

11. Upon information and belief, Defendant MARYANN CARRO-CAPUTO is the owner, officer, director and/or managing agent of Tribor at 45-62 162nd Street, Flushing, New York 11358 and participated in the day-to-day operations of Tribor Management, Inc. and acted

---

[1] Plaintiff stopped working as an on-site superintendent on or around November 21, 2017 due to a slip-and-fall injury. His employment was officially terminated on or around January 12, 2018.

3

intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Tribor Management, Inc.

12. Upon information and belief, Defendant MARYANN CARRO-CAPUTO owns the stock of TRIBOR and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

13. Upon information and belief, Defendant Lindsey Kung is the owner, officer, director and/or managing agent of Tribor Management, Inc. at 45-62 162nd Street, Flushing, New York 11358 and participated in the day-to-day operations of Tribor Management, Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Tribor Management, Inc..

14. Upon information and belief, Defendant Lindsey Kung manages and makes business decisions including but not limited to employee benefits, the amount in salary the employee will receive and the number of hours employees will work.

15. Upon information and belief, Defendant Fernando "Doe" (last name unknown) is the owner, officer, director and/or managing agent of Tribor at 45-62 162nd Street, Flushing, New York 11358 and participated in the day-to-day operations of Tribor Management, Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Tribor Management, Inc.

16. Upon information and belief, Defendant Fernando "Doe" (last name unknown) manages and makes business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

17. At all relevant times herein, Defendant CLS Properties was and/or is a New York corporation with its principal place of business located at 32-11 Parsons Blvd., Flushing, New York 11354.

18. Upon information and belief, Defendant CLS Properties has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Defendant CLS Properties engaged in interstate commerce within the meaning of the FLSA as Defendant conducted transactions with out-of-state companies, and purchased and used tools and supplies in the course of maintaining the Building from out-of-state vendors that traveled across state lines, the combination of which subjects CLS Properties to the FLSA's overtime requirements as an enterprise

19. Upon information and belief, David Wei is the owner, officer, director and/or managing agent of CLS Properties Management Inc. at 32-11 Parsons Boulevard, Flushing, NY 11354 and participated in the day-to-day operations of CLS Properties Management Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with CLS Properties Management Inc.

20. Upon information and belief, Defendant David Wei owns the stock of CLS Properties Management Inc. and manages and makes business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

21. Upon information and belief, Defendant Lucia Lin is the owner, officer, director and/or managing agent of CLS at 32-11 Parsons Boulevard, Flushing, NY 11354 and participated in

5

the day-to-day operations of CLS Properties Management Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with CLS Properties Management Inc.

22. Upon information and belief, Defendant Lucia Lin owns the stock of CLS Properties Management Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

23. At all relevant times herein, Defendant BIRCHWOOD was and is a New York corporation with its principal place of business located at 45-62 162nd Street, Flushing, New York, 11358.

24. Upon information and belief, CLS Properties was and/or is subsidiaries of BIRCHWOOD.

25. Upon information and belief, Defendant SULAY ROJAS is the owner, officer, director and/or managing agent of BIRCHWOOD and participated in the day-to-day operations of BIRCHWOOD and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with BIRCHWOOD.

26. Upon information and belief, Defendant SULAY ROJAS owns the stock of BIRCHWOOD and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

27. Upon information and belief, Defendant Clement Chun Tung So is the officer, director and/or managing agent of BIRCHWOOD and participated in the day-to-day operations of BIRCHWOOD and acted intentionally and maliciously and is an employer pursuant to FLSA, 29

U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with BIRCHWOOD.

28. Upon information and belief, Defendant Clement Chun Tung So manages and makes business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

29. Upon information and belief, during all or some relevant time, Defendants TRIBOR, CLS PROPERTIES and/or BIRCHWOOD own, manage and/or operate a residential ninety-six-unit (96) apartment building located at 144-44 41st Avenue, Flushing, New York 11355 ( the "Building").

30. Defendants TRIBOR, CLS PROPERTIES and BIRCHWOOD are joint employers of Plaintiff and constitute an enterprise as the term is defined by 29 USC §203(r) insofar as they manage the Building, share staff, including the Plaintiff, pay Plaintiff as an enterprise, hold themselves out as an enterprise, and are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose.

31. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by the Defendants.

32. Corporate Defendants are jointly and severally liable to minimum wages and/or overtime compensation owed to Plaintiff and similarly situated employees.

33. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation.

34. Defendants knowingly and willfully failed to provide him a proper wage notice at the time of hiring in violation of NYLL.

35. Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

36. Defendants committed the following alleged acts knowingly, intentionally and willfully.

37. Defendants knew that the nonpayment of overtime pay and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

38. From 2010 to November 21, 2017[2], Plaintiff was hired by Defendants to work as a building superintendent for Defendants' ninety-six (96) unit apartment building located at 144-44 41st Avenue, Queens, NY 11355.

39. Plaintiff was responsible for various matters, including but not limited to, repairing apartments for tenants, responding to tenants' calls and complaints, attending to basic plumbing, electrical and other repairs, maintaining the boiler, handling the trash, buying supplies needed and maintaining the general orderly appearance of the Building. He was also expected to be available to attend to the tenants' emergencies whenever such events arose, including on nights and weekends.

40. Plaintiff's general hours of work were from 8:00 a.m. until 5:00 p.m. with an hour break from around 12:00 p.m. until 1:00 p.m. from Mondays through Saturdays for six days a week. However, Plaintiff was on-call twenty-four hours and seven days each week in order to assist tenants and Defendants with any needs that may arise. Plaintiff typically responded to from seven to eight emergencies per month, totaling approximately one to one-and-a-half hours per emergency. Plaintiff worked at least fifty-one (51) hours per week for most weeks.

---

[2] Plaintiff stopped working as an on-site superintendent on or around November 21, 2017 due to a slip-and-fall injury. His employment was officially terminated on or around January 12, 2018.

8

41. Notwithstanding the foregoing, for the period from August 12, 2012 to December 25, 2012 and then from March 21, 2013 to July 28, 2013, Plaintiff worked 7 days a week. Therefore, Plaintiff generally worked fifty-six (56) hours per week from 2012 to 2013.

42. From 2010 to 2015, Plaintiff was paid at a rate of $14.15 per hour.

43. From 2015 to November 21, 2017, Plaintiff was paid at a rate of $15.44 per hour.

44. In spite of being categorized as an hourly employee, Plaintiff was not properly paid for the hours he worked in excess of 40.

45. Plaintiff was not required to utilize any means of recording or verifying his work hours worked (e.g. punch clock, sign-in sheet, fingerprint or ID scanner).

46. Defendants did not provide Plaintiff with a proper wage notices at the time of his hiring.

47. Defendants did provide Plaintiff was a paystub for each wage period, the paystubs, however, were not accurate and did not accurately reflect the number of hours plaintiff worked.

48. Defendants did not properly compensate Plaintiff for overtime compensation according to federal laws.

49. Defendants committed the following alleged acts knowingly, intentionally and willfully.

50. Defendants knew that the nonpayment of overtime compensation would economically injure Plaintiff and the Class Members by their violation of federal and state laws.

51. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

52. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

9

53. Defendants did not provide Plaintiff and other Collective members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Collective members' pay increase(s).

54. Defendants committed the foregoing acts against the Plaintiff, and the FLSA Collective Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

55. Defendants knowingly and willfully operated their business with a policy of not paying the FLSA minimum wage Plaintiff or other similarly situated employees.

56. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), in violation of the FLSA.

57. Plaintiff brings this action individually and on behalf of all other and former non-exempt superintendents who have been or were employed by the Defendants at the their apartment buildings, including the building located at 144-44 41st Avenue, Flushing, New York 11355 for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

58. Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently

within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

59. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

60. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

61. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

62. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds

generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

d. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

63. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

64. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

65. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

66. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

67. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

68. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

69. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

70. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

71. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

72. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should

have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II
**[Violation of New York Labor Law—Overtime Pay]**

73. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

75. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

76. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III
**[Violation of New York Labor Law—New York Pay Stub Requirement]**

77. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

79. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after Plaintiff's payday.

80. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each

Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## Prayer for Relief

WHEREFORE, Plaintiff, on behalf of himself and the FLSA collective plaintiffs, respectfully requests that this court enter a judgment providing the following relief:

a) Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e) An injunction against Tribor Management, Inc. and CLS Properties Management Inc., its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid wages and minimum wages due Plaintiff and the Collective Action

members under the FLSA plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

g)  An award of unpaid overtime wages due under FLSA and New York Labor Law plus compensatory and liquidated damages in the amount of one hundred percent under NY Wage Theft Prevention Act, and interest;

h)  An award of damages for Defendants' failure to provide wage notice at the time of hiring, and regular paystubs as required under the New York Labor Law.

i)  An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

j)  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to New York Labor Law;

k)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l)  The cost and disbursements of this action;

m)  An award of prejudgment and post-judgment fees;

n)  Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4);

o)  That the Court find Defendants have, in the alternative, breached an implied contract with Plaintiff by unfairly exploiting Plaintiff's labor, and breached an implied contract with Plaintiff by unfairly exploiting his generosity in extending the Employee Loan;

p) That, in the alternative, Defendants be ordered to pay restitution to Plaintiff for their breaches of implied contract and unjust enrichment at Plaintiff's expense; and

q) Specific performance in the form of withdrawing their eviction proceeding against Plaintiff and permitting him to reside in his residence

r) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of himself and the Collective Action Members and members of the Class, demand a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York, September 18, 2018     **HANG & ASSOCIATES, PLLC.**

/S/ KEN MAENG
Ken H. Maeng, Esq.
136-20 38th Ave., Suite 10G
Flushing, New York 11354
Tel: 718.353.8588
kmaeng@hanglaw.com
Attorneys for Plaintiff

# Exhibit A

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by CLS PROPERTIES MANAGEMENT INC., TRIBOR MANAGEMENT INC. and/or related individuals and entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Ying Jie Lu
Full Legal Name (Print)

_[signature]_
Signature

7/2/2018
Date

19